**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROY O. DANIELS,**

    **Plaintiff,**

vs.                                                   **Case No.: 4:22-cv-00450-TKW-MAF**

**GOVERNOR RON DESANTIS,
et al.,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, no stranger to the federal courts, is a prisoner proceeding *pro se.* Plaintiff initiated this civil rights case, pursuant to 42 U.S.C. § 1983, with a handwritten complaint not on the proper form followed by an amended complaint. ECF Nos. 1 and 6. The Court screened the complaint as required under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and construed Plaintiff's allegations liberally. Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). The Court issued an order directing Plaintiff to amend and file a complete application to proceed *in forma pauperis* (IFP) by January 23, 2023, and specifically warned the case would be dismissed as malicious if Plaintiff made affirmative misrepresentations relating to his litigation history. ECF No. 4. Plaintiff filed

Case No. 4:22-CV-00277-MW-MAF

the amended complaint and IFP application after the deadline passed.[1] ECF Nos. 6, 7. Although Plaintiff's IFP application is untimely and incomplete, in the interest of judicial economy, it will be granted.[2]

After careful consideration, for the reasons stated below, this case should be dismissed without prejudice because Plaintiff affirmatively misrepresented his litigation history and failed to comply with the Court's order to amend.

## I. Standard of Review

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . ." Burrell v. Moore, 854 F. App'x 624 (11th Cir. 2021); See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998)

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).

[2] Plaintiff's IFP application does not contain the requisite signature from a prison official certifying the monthly deposits and balances in his inmate account. Plaintiff claims that he was "denied services." ECF No. 7, p. 4.

(affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also, e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its

own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders," and the Court may dismiss a claim without prejudice even for a minor violation of a court order. Id.; see also Dynes v. Army Air Force Exch. Serv., 720 F. 2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). This Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. Thus, a case in which a plaintiff has maliciously abused the judicial process warrants dismissal.[3]

## II. Plaintiff's Amended Complaint, ECF No. 6.

Plaintiff sued the governor of Florida and the regional director of the Florida Department of Corrections (FDOC) in their individual and official capacities. ECF No. 6, pp. 1-3. Plaintiff alleges that the prison conditions are intolerable and that he is being denied access to the courts because prison

---

[3] In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

officials stole his court documents, denied him copies, did not provide legal assistance or legal supplies, legal books and manuals, and cut his communications with paralegals. Id., p. 5, 9. He claims the prison facilities are freezing in violation of health codes and are life threatening. Id. Plaintiff claims that the buildings are dilapidated; and defendants have ignored court orders to address the problems. Id., pp. 7, 9. The windows are broken; and the heating and cooling systems are not working. Id., p. 7. The governor failed to investigate the prison conditions. Plaintiff outlines the suffering of other prisoners including heat strokes, heart attacks, and diabetic seizures, apparently, resulting from the prison conditions. Id., p. 9. Plaintiff alleges officials retaliated against him for filing grievances by skipping his meals; then, on October 21, 2022, an officer tried to break Plaintiff's back by stomping on it. Id., pp. 11-13.

    Plaintiff wants the Court to order an inspection team to inspect all FDOC institutions, for Palmer to disclose his conviction history, a copy of Plaintiff's housing log history, direct the governor to turn over Plaintiff's medical history, a list of all persons responsible for overriding the housing safety protocols, the return of Plaintiff's tablet, the appointment of counsel, and to certify this action as a class action lawsuit. Id., p. 15.

Plaintiff was required to respond truthfully to the questions about his prior litigation history. Id., pp. 16-25. In the entire complaint, Plaintiff lists just two cases -- 63-2015-cv-2140 and 63-2015-cv-2404 – which name Palmer as a defendant but provide no clue as to where these cases were filed. Id., pp. 21-22. A review of PACER confirms that these are not within the federal courts. Plaintiff filed no less than twenty-one cases in federal courts over the years, including appeals to the Eleventh Circuit Court of Appeals, but none are listed in the amended complaint. Id., pp. 16-25.

The complaint form provides the following warning:

> *This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases – including, but not limited to civil cases, habeas cases, and appeals – may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.*

ECF No. 6, p. 16. Plaintiff added his own notation, "A victim cannot be held responsible for the Resp's employees deli destroying my records (legal documents) against them!" Id., p. 17. Plaintiff's statement does not eliminate the requirement to truthfully disclose his litigation history or his obligation to answer all the litigation questions, particularly after the Court warned of the consequences in its order to amend. See ECF No. 4. Given the number of federal cases Plaintiff filed, only the most relevant affirmative

Case 4:22-cv-00450-TKW-MAF   Document 8   Filed 02/06/23   Page 7 of 14

Page 7 of 14


misrepresentations are addressed in the next section below. This is because the Court will not assume Plaintiff's responsibility to make full disclosures.

### III. Plaintiff's Affirmative Misrepresentations

On the complaint form, Section VIII, Question A asks, "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?" ECF No. 6, p. 19. Plaintiff responded "No." Id. This response is false. Plaintiff had at least two cases that count as "strikes": Daniels v. Palmer, M.D. Fla. No. 3:17-cv-00128 (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)) and Daniels v. Scherer, S.D. Fla. No. 0:15-cv-61222-WJZ (dismissed for failure to state a claim).

Section VIII, Question B asks, "Have you filed other lawsuits or appeals in state or federal court dealing with the same facts or issue involved in this case," Plaintiff answered, "Yes." Plaintiff listed Case Nos. 63-2015-cv-2140, Daniels v. Palmer, and Case No. 63-2015-cv-2404, Daniels v. Palmer. ECF No. 6, p. 21. However as stated previously, these cases cannot be confirmed as federal cases within PACER; and Plaintiff does not indicate in which courts he filed these cases (state or federal). Plaintiff filed no less than

six other Section 1983 actions.[4] Some raise similar issues, but this Court will not assume Plaintiff's responsibility to disclose them.

Section VIII, Question C asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement?" Id., p. 21. Plaintiff answered, "Yes, Gain Time Awards," and only listed Daniels v. Scott, apparently a 2017 case filed in the Florida Supreme Court. Id., pp. 21, 23. Plaintiff failed to disclose his series of habeas petitions filed pursuant to 28 U.S.C. § 2254 including: Daniels v. State of Florida, S.D. Fla. No. 0:2016-cv-60227; Daniels v. State of Florida, S.D. Fla. No. 0:2018-cv-61436; Daniels v. State of Florida, S.D. Fla. No. 9:2018-cv-80840; and Daniels v. State of Florida, S.D. Fla. No. 0:2019-cv-62464.

The complaint form also contains a "Certification" section (Section IX(1)), which states:

> *I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.*

Plaintiff signed the complaint under penalty of perjury. ECF No. 6, p. 27.

---

[4] Daniels v. John Does, N.D. Fla. No. 5:2014-cv-00277; Daniels v. Scott, M.D. Fla. No. 3:2016-cv-00518; Daniels v. Palmer, M.D. Fla. No. 3:2017-cv-00128; Daniels v. Sec'y Fla. Dep't of Corr., et al., M.D. Fla. No. 3:2018-cv-01123; Daniels v. Scherer, S.D. Fla. No. 0:2015-cv61222; Daniels v. State of Fla., S.D. Fla. No. 9:2018-cv-81592.

Prisoners are required to accurately disclose their litigation history on the complaint form under the penalty of perjury. Any affirmative misrepresentations constitute an abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under §§ 1915(E)(2)(B)(i) and 1915(b)(1). See Ealy v. CCA, 2015 U.S. Dist. LEXIS 173850, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). When an action is dismissed for abuse of the judicial process, it counts as a strike for Section 1915(g) purposes. Pinson v. Grimes, 391 F. App'x 797, 799 (11th Cir. 2010) (unpublished).

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete this section of the form. The time spent verifying the cases a plaintiff filed but failed to identify, as well as the claims raised in those cases and the final disposition can be considerable. A *pro se* prisoner's affirmative misrepresentations of his litigation history will not be tolerated. Plaintiff was required to disclose his litigation history under the penalty of perjury. Plaintiff's *pro se* status does not excuse him from conforming to the rules. If the Court cannot rely on the statements or responses made by the parties, the quality of justice is

threatened. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, Plaintiff knew that accurate disclosure of his litigation history was required and dismissal of the instant action might result from any untruthful answers. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the Court might be confronted with widespread abuse from its many prisoner litigants. This Court should not allow Plaintiff's misrepresentations to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is dismissal without prejudice. See Rivera, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); Shelton v. Rohrs, 406 F. App'x 340, 340-41 (11th Cir. 2010) (affirming dismissal where prisoner failed to disclose four previous civil actions, finding that even if prisoner did not have access to his legal materials, he would have known that he filed multiple previous lawsuits).

## IV.  Failure to Comply with Court Orders under Fed. R. Civ. P. 41(b).

The Court ordered Plaintiff to amend by **January 23, 2023**. ECF No. 4. Plaintiff signed his amended complaint on January 29, 2023, and presented it to prison authorities for mailing the next day. ECF No. 6, pp. 1, 27. The amended complaint is untimely. The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Although, missing a court's deadline to amend might be a minor infraction, dismissal is still appropriate, particularly given Plaintiff's familiarity with the federal courts. The Eleventh Circuit dismissed five of Plaintiff's cases for lack of prosecution relating to his failure to meet deadlines fixed by the rules.[5]  Dismissal is appropriate.

---

[5] Daniels v. Scherer, No. 0:2015stp14196; Daniels v. John Does, No. 0:2015stp15467; Daniels v. Gov. of Fla., No. 20:2016stp15052; Daniels v. Warden, No. 0:2017stp12556; Daniels v. State of Fla., No. 0:2019stp14828.

## V.   Plaintiff's Motion to Appoint Counsel

The Court understands that *pro se* parties face certain challenges in litigating their cases, however, "there is no constitutional right to have counsel appointed in most civil cases." Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). A court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), but only after a litigant has made a showing that (1) a genuine effort to secure counsel has been made and (2) that the case presents exceptional circumstances. See Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982); Bass, supra.

The Eleventh Circuit provides guidance in determining if exceptional circumstances warrant the request for counsel. See Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (unpublished but recognized as persuasive authority); see also, e.g., Neal v. Cassiday, 511 F. App'x 865-66 (11th Cir. 2013). Those factors include: (1) the type and complexity of the case, (2) whether the indigent is capable of adequately presenting his case, (3) whether the indigent is in a position to adequately investigate the case, and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. See Ulmer, 691 F.2d at 213 (cited with approval in Smith,

supra, Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990), and Neal, supra).

Here, Plaintiff has made no effort to secure counsel on his own. More importantly, the procedural posture of this case is relevant in denying counsel. No defendant has been served. Plaintiff's amended complaint is due to be dismissed because it is legally insufficient and contains affirmative misrepresentations about his litigation history. No exceptional circumstances warrant the appointment of counsel.

## VI. Plaintiff's Request to Certify this Case as a Class Action Lawsuit Should Be Denied.

As stated above, Plaintiff is proceeding *pro se*. It is well settled that a *pro se* litigant cannot bring an action on behalf of his fellow inmates. Although Plaintiff can litigate his own interests, proceeding *pro se* is "a personal right that does not extend to the representation of the interests of others." Johnson v. Brown, 581 F. App'x 777 (11th Cir. 2014) citing Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972). Accordingly, Plaintiff's request to certify this case as a class action lawsuit should be denied.

## VII. Conclusion and Recommendation

For the reasons stated above, it is respectfully **RECOMMENDED** that the case be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) as malicious because it is a duplicative

Case No. 4:22-cv-00450-TKW-MAF

filing and because Plaintiff made affirmative misrepresentations relating to his litigation history. Alternatively, the case should be dismissed for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. Plaintiff's request to certify this case as a class action lawsuit should be **DENIED**. The case should be **CLOSED** with an Order adopting this Report and Recommendation directing the Clerk of Court to note on the docket that this cause was **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff's amended IFP motion, ECF No. 7, is **GRANTED**. The request to appoint counsel is **DENIED WITHOUT PREJUDICE.**

**IN CHAMBERS** this 6th day of February, 2022.

> s/ Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).